UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CORINTHIAN RAHEEM JOHNSON

    Plaintiff,

v.                                        Case No. 3:14cv132/MCR/CJK

STATE OF FLORIDA, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a second amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 30). For the reasons that follow, the undersigned concludes that this case should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim on which relief may be granted.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida penal system currently confined at Florida State Prison. (Doc. 30, p. 8). Plaintiff was confined at Santa Rosa Correctional Institution at the time of the events giving rise to his complaint. Plaintiff's second amended complaint names two defendants: Joel Williams, a corrections officer at

Santa Rosa CI; and Robert Calamari, an inspector at Santa Rosa CI.  Plaintiff claims the defendants violated his rights under the Fifth, Eighth and Fourteenth Amendments when Williams wrote plaintiff a false disciplinary report on November 6, 2012, for battery on a corrections officer, based on the fabricated story that plaintiff spit on him.  (Doc. 30, p. 5).  Plaintiff was found guilty of the disciplinary infraction and, as a penalty, lost gain time.  (Doc. 30, p. 6).  Plaintiff was then criminally prosecuted for the same conduct, on a charge of battery on a law enforcement officer.  (Doc. 30, pp. 5, 6).  Plaintiff alleges defendant Inspector Calamari notified him of the criminal charge during a meeting on December 12, 2012, at which time Calamari also showed plaintiff photographs of Williams' face (allegedly taken after the incident), and advised plaintiff he had a videotape of the incident and witness statements from Williams and another officer (Mario Martin). (Doc. 30, p. 5).  Plaintiff alleges that during his criminal trial in Santa Rosa County Circuit Court, defendant Calamari "tamper[ed] with physical evidence" by failing to bring the videotape and photographs with him, and that defense counsel exposed this fact during her cross-examination of Calamari.  (Doc. 30, p. 6).  Plaintiff also claims Calamari and Williams lied during their trial testimony.  (*Id*.).  Plaintiff was ultimately acquitted of the criminal charge.  (Doc. 30, p. 6).  Plaintiff alleges that as

a result of the criminal prosecution, he "suffer[ed] bad stress, physical injury by having my life on the line of being in prison for 7 ½ more years." (Doc. 30, p. 6). As relief, plaintiff demands: "I'm looking forward to seeking of being taken off CM and my gain time back and $200,000 dollars." (Doc. 30, p. 7).

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco*, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct.

1955, 167 L. Ed. 2d 929 (2007)); *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (*quoting Iqbal*, 556 U.S. at 679)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id*. The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id*., 550 U.S. at 570. A complaint is also subject to dismissal for failure to state a claim if the allegations – on their face – show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.,* 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) (reiterating that principle and providing, as an example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a

claim). Taking those well-pleaded allegations of plaintiff's second amended complaint as true and evaluating reasonable inferences derived from those facts in plaintiff's favor, plaintiff's complaint fails to state a plausible basis for relief under § 1983 as to either defendant.

Plaintiff first claims his rights under the Fifth Amendment's Double Jeopardy Clause were violated when he was criminally prosecuted for battery on Williams after having been convicted in a prison disciplinary proceeding for the same alleged conduct/offense. (Doc. 30, p. 6, 7). Circuit precedent forecloses this claim. *See United States v. Mayes*, 158 F.3d 1215 (11th Cir. 1998) (holding that prison disciplinary sanctions for conduct connected with prison riot did not preclude subsequent criminal prosecution of sanctioned prisoners for same conduct, under Double Jeopardy Clause; Government intended for disciplinary regulations to be civil in nature, and authorized sanctions were not so punitive on their face as to be deemed criminal); *see also Taylor v. Gomez*, 182 F.3d 927 (9th Cir. 1999) (concluding that inmate's double jeopardy argument lacked merit in that the district court correctly reasoned that his custody classification "is not punishment, but rather a method for housing inmates based on their behavior"); *cf. Wolff v. McDonnell*, 418

U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974) (holding that prison disciplinary proceedings are not part of a criminal prosecution).

Plaintiff also claims Williams' fabrication of the story and prosecution of the DR, and Calamari's initiation of the criminal charge based on Williams' false story, violated his rights under the Eighth and Fourteenth Amendments. In order to state a claim for a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, plaintiff must allege an objectively, "sufficiently serious" deprivation that has resulted from the denial of "the minimal civilized measure of life's necessities" by prison officials. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (citations and quotation marks omitted). Plaintiff has not alleged any conditions showing that he has been denied "the minimal civilized measures of life's necessities" such as to violate the Eighth Amendment. The mental stress associated with plaintiff's criminal trial does not rise to the level of an Eighth Amendment violation.

Although plaintiff does not expressly assert a claim for malicious prosecution, his allegations can be liberally construed as raising that claim. Plaintiff alleges that defendant Williams fabricated the story about plaintiff spitting on him; wrote a "false" DR based on the story, resulting in plaintiff losing gain time; and presented

the false story to the jury during plaintiff's criminal trial. Plaintiff claims that defendant Calamari referred the matter for criminal prosecution despite the lack of evidence to support Williams' story. "To establish a federal malicious prosecution claim under [42 U.S.C.] § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free from unreasonable seizures." *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004). Under Florida law, a plaintiff must demonstrate each of the following six elements in order to establish a claim of malicious prosecution:

> (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant[s] w[ere] the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant[s]; and (6) the plaintiff suffered damages as a result of the original proceeding.

*Id*. (*citing Durkin v. Davis*, 814 So.2d 1246, 1248 (Fla. 2d DCA 2002)).

Regardless of whether plaintiff's allegations satisfy the elements of a malicious prosecution claim, his ability to litigate the claim in this § 1983 proceeding is foreclosed by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

The Supreme Court held in *Heck* that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486-87 (footnote omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or

a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Plaintiff's present § 1983 claim is premised on the fact that he did not spit on defendant Williams and that the defendants wholly fabricated the disciplinary and criminal charges. Although plaintiff was acquitted of the criminal charge, he admits that his disciplinary conviction has not been invalidated, and he seeks the restoration of gain time and release from close management status, in addition to monetary damages. Because the premise of plaintiff's § 1983 claim contradicts the basis of the disciplinary conviction which resulted in the loss of gain time, his claim is barred by *Heck* whether directed at the criminal prosecution or the disciplinary action. *Edwards v. Balisok*, 520 U.S. 641, 646, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997) (holding that *Heck* bars a prisoner's complaint that "would, if established, imply the invalidity of the deprivation of his good-time credits"); *Dyer v. Lee*, 488 F.3d 876, 884 (11th Cir. 2007) ("[F]or *Heck* to apply, it must be the case that a successful § 1983 suit and the underlying conviction be logically contradictory."); *see also, e.g., Richard v. Dickens*, 411 F. App'x 276 (11th Cir. 2011) (holding that prisoner's challenge to prison disciplinary conviction that resulted in the loss of gain time was barred by *Heck*; prisoner's disciplinary conviction for assault on a law enforcement

officer was premised on the fact that the prisoner started the scuffle, and the prisoner's § 1983 claims for excessive force and conspiracy were premised on the fact that the prisoner acted in self-defense; thus, prisoner's § 1983 claims implied the invalidity of the disciplinary conviction; "[T]he relevant inquiry is not whether a prisoner explicitly seeks to reinstate his good-time credits, but instead whether the § 1983 claims call into question the validity of the deprivation of those credits. Because Richards' § 1983 excessive force and conspiracy claims necessarily imply the invalidity of the disciplinary actions that deprived him of good-time credits, he cannot pursue those claims under § 1983." (footnote omitted)); *Miller v. Johnson*, No. 2:09cv524-FtM-36DNF, 2011 WL 2174361, at *3, *7 (M.D. Fla. June 2, 2011) (concluding that *Heck* barred prisoner's claim that he was falsely charged with unarmed assault on a correctional officer in retaliation for filing a grievance; although criminal charge (battery on a law enforcement officer) based on the incident was *nolle prossed*, the prison disciplinary conviction, which resulted in the loss of gain time, had not been overturned).

     Accordingly, it is respectfully RECOMMENDED:

     1.    That plaintiff's Fifth Amendment (double jeopardy) and Eighth Amendment (cruel and unusual punishment) claims be DISMISSED with prejudice

under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim on which relief may be granted.

2.  That plaintiff's malicious prosecution claims be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim on which relief may be granted.

3.  That the clerk be directed to close the file.

At Pensacola, Florida this 22nd day of April, 2016.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.